SEYMOUR STEELE v. S. P. HOLT and wife.

A contract, void for illegality of consideration, secured by a bond to pay money, is not cured by the substitution of a new bond in place of the old one, for the same or some other amount, between the same parties.

Nor does the adding of a mortgage as an additional security make any difference.

CIVIL ACTION tried before KERR, J., at the Spring Term, 1876, of ALAMANCE Superior Court.

The following are substantially the facts as agreed:

The plaintiff loaned the defendant, S. P. Holt, fifteen hundred dollars in Confederate money, during the late war, in 1863, with which to hire a substitute to go into the Confederate army in place of said defendant, the plaintiff knowing the use to which said money was to be applied; and the defendant gave his bond for that amount to the plaintiff. Sometime after the close of the war, the defendant, S. P. Holt, and the plaintiff agreed to a scale of said bond, and the defendant gave the plaintiff a new bond for eight hundred dollars, taking up the original bond for fifteen hundred dollars. On the 14th day of December, 1870, the defendant, S. P. Holt, and the plaintiff agreed to a compromise of the eight hundred dollar bond previously given, and the four bonds sued on, and described in the plaintiff's complaint, were executed by said S. P. Holt, and at the same time the mortgage in said complaint described, was executed and delivered by said defendant to said plaintiff, to secure the ultimate payment of said bonds, as was so agreed upon the compromise of the said eight hundred dollar bond, and that the payment upon the said four bonds as set forth in the complaint, had been made by the defendant, S. P. Holt, and that all of said bonds were due before the institution of this action.

STEELE *v.* HOLT and wife.

Upon these facts his Honor held that the bonds sued on and the mortgage to secure them were founded upon an illegal consideration, and that the plaintiff could not recover. To this the plaintiff excepted.

Judgment for defendant for costs, from which judgment plaintiff appeals.

*Parker*, for appellant.

*Boyd* and *Tourgee*, contra, submitted that:

The consideration upon which the original contract was founded was for money to hire a substitute in the late Confederate army. This was against public policy and void.

The note is renewed to the original payee and no other consideration enters the renewal.

If the maker executes a second note to the original payee either in renewal of the first note simply or including another debt, the second note is void. *Calvert* v. *Williams*, 64 N. C. Rep., 168, first clause of opinion.

The transaction recited in the case does not constitute a novation of the original debt in any view. Domat's Civil Law, book I, p. 916, sec. 2307; 14 La. Am., pp. 93, 211, 484. If it be a novation the principles in relation to consideration attach to the whole transaction. Parsons on Contracts, book I, p. 219.

In this case the revocation of the original contract could not have constituted a consideration for a new contract, being itself void, as appears from the case stated. There is no other consideration enters into this contract, and if not tainted with rebellion it fails for want of consideration.

READE, J.    A contract void for illegality of consideration secured by a bond to pay money is not cured by the substitution of a new bond in place of the old one, for the same or for some other amount, between the same parties.

---

Nor does the adding of a mortgage as an additional security make any difference.

There is no error.

PER CURIAM.                                      Judgment affirmed.